VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        22-AP-290

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2023

Katrina Dugan\* v. Department of Labor        }        APPEALED FROM:
        }        Employment Security Board
        }        CASE NO. 06-21-135-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals an order of the Employment Security Board in which the Board upheld the conclusion of an administrative law judge (ALJ) that claimant was required to repay $29,529 in overpaid unemployment benefits.  We affirm.

The ALJ found the following facts in his decision.  In 2020, claimant worked full-time for the State of Vermont with an annual salary of $52,000.  She also worked part-time as a restaurant server at Mulligans and earned substantial income from tips.  Due to the coronavirus pandemic, claimant was laid off from Mulligans in March 2020.  She believed that she was eligible for the federal Pandemic Unemployment Assistance Program due to her layoff from Mulligans and filed for benefits in April 2020.  She received a monetary determination showing earnings from the State, Mulligans, and another restaurant.  She never received a claimant handbook.  Claimant believed that her claim was based exclusively on her loss of her job at Mulligans.  She filed for unemployment benefits online for fifty-two weeks, indicating each week that she had not performed any work or earned any wages.  In January 2021, the Department of Labor requested information from the State of Vermont about claimant's pay.  In June 2021, the Department found that claimant unintentionally did not disclose her income from state employment and ordered her to repay $40,332 in overpaid regular and federal supplemental benefits.

Claimant appealed to the ALJ, who found that claimant was not eligible for unemployment compensation benefits during the period in question because she was fully employed, and was therefore liable to repay the benefits she had received.  However, the ALJ reduced her liability to $29,529 because he found that the Department was aware of her situation in January 2021 but did not issue a determination until June 2021.  The ALJ therefore waived repayment of benefits claimant received from January to April 2021.  This determination was affirmed by the Board, and claimant appealed.

In her brief, claimant concedes that she was not eligible for unemployment compensation benefits because she had a full-time job in 2020 and 2021.  However, she argues that it is unfair to require her to repay the benefits because she reported her state employment when she first

filed for benefits, so the Department is at fault for not denying her claim at the outset. She argues that the application forms she had to fill out were confusing and misled her into believing that she was eligible for benefits due to the loss of her second job. The Department agreed at oral argument that the form asked claimants whether they had lost employment as a result of the pandemic, and that claimant had lost one of her jobs for this reason.

The unemployment compensation statute requires claimants to certify that they have not earned or received any wages "for any employment, whether subject to this chapter or not," during any week for which unemployment benefits are claimed. 21 V.S.A. § 1346(b). The statute requires claimants to repay benefits they received to which they were not entitled when receipt was based on nondisclosure or misrepresentation of a material fact, regardless of whether the misrepresentation or nondisclosure was intentional. 21 V.S.A. § 1347(a). Absent a compelling indication of error, we defer to the Board's interpretation of the statute it is charged with executing. Sec'y, Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp., 167 Vt. 228, 238 (1997).

The interpretation of the ALJ and the Board is reasonable. The statute provides that a person "shall be liable" for benefits received due to nondisclosure or misrepresentation "irrespective of whether such nondisclosure or misrepresentation was known or fraudulent." 21 V.S.A. § 1347(a). The word "shall" in the statute indicates that repayment is mandatory. See Town of Victory v. State, 174 Vt. 539, 544 (2002) (mem.) ("Use of the word 'shall' in a statute generally means that the action is mandatory, as opposed to directory."). Because the statute requires repayment of overpaid amounts due to nondisclosure regardless of intent, claimant's sincere belief that she was eligible for benefits based on her loss of part-time employment does not absolve her of liability. It appears the Department likely erred in allowing her initial claim and that the language used in its forms may have added to the confusion about her eligibility. However, this does not alter the fact that claimant did not report her income from her state employment each week. Her omission of this material fact, even though made in good faith, makes her liable for the benefits paid for those weeks under the plain language of the statute. We therefore see no error that would justify reversing the Board's decision.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

2